UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Petitioner,

v.

TONY D. TURNER,

               Respondent.

_____ /

Case Number 13-20885

Honorable David M. Lawson

## OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE

The petitioner, Tony D. Turner, pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment. More than one year after the judgment became final, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The Court concludes that the petitioner is not entitled to relief under section 2255 because his motion is untimely. Therefore, his motion will be denied.

I.

On November 27, 2013, Tony D. Turner was indicted for being a felon in possession of a firearm. With a Rule 11 plea agreement, the petitioner pleaded guilty to the charge in the indictment. He was sentenced on May 27, 2014 to a prison term of 105 months. Turner did not appeal his conviction or sentence.

On July 30, 2015, the petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court

lacked jurisdiction, the sentence exceeded the maximum penalty allowed by law, or "is otherwise subject to collateral attack."  28 U.S.C. § 2255.

After a motion under 28 U.S.C. § 2255 is filed, the Court must undertake a preliminary review of the motion to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Rule 4(b), Rules Governing § 2254 Cases.  If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the motion.  *Campbell v. United States*, 977 F.2d 580 (6th Cir. 1992) ("Generally, a motion to vacate may be summarily denied pursuant to Rule 4(b), Rules Governing § 2255 Proceedings, if it appears from the motion that petitioner is not entitled to relief.") (citing *United States v. Sanders*, 723 F.2d 34, 35-36 (8th Cir.1983)).  No response to the motion is necessary if the motion is frivolous, obviously lacks merit, or if the necessary facts can be determined from the motion itself without considering a response from the State.  *See Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983) ("A hearing is unnecessary where . . . the motion, files and records conclusively show that the prisoner is not entitled to relief.").

Section 2255 has a one-year statute of limitations, which is measured from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented  from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 para. 6.

The petitioner argues that his sentence is unconstitutionally vague. The petitioner's judgment of conviction was entered on May 15, 2014 and amended on August 20, 2014 to correct the date that the offense ended and to delete certain special conditions of probation. He did not appeal his conviction. His conviction therefore became final on May 29, 2014, fourteen days after the entry of the original judgment. Fed. R. App. P. 4(b)(1) (a notice of appeal in a criminal case must be filed in the district court with 14 days after the entry of the judgment or the order being appealed); *see Happold v. United States*, No. CR 05-40077-GPM, 2013 WL 6484584, at *1 n.2 (S.D. Ill. Dec. 10, 2013) ("[C]ourts . . . have uniformly held that when a court corrects a clerical error in a criminal judgment, the one-year limitations period does not begin anew when the court corrects the clerical error.) (collecting cases); *United States v. Greer*, 79 F. App'x 974, 974-75 (9th Cir. 2003) ("Because the amended judgment did not substantively change the sentence imposed and added no new basis for an appeal, it did not affect the finality of the original judgment. Therefore, we conclude that the amended judgment did not restart the limitations period for Greer's § 2255 motion.") (internal citations omitted). The limitation period ran one year later on June 10, 2015. However, the petitioner did not file his motion to vacate his sentence until July 30, 2015, well after the statutory deadline. His motion to vacate his sentence on the basis that his sentence is unconstitutionally vague is therefore untimely.

However, the petitioner contends that his motion is timely because the Supreme Court announced a new rule in *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), that should be applied retroactively. An applicant has one year from the date the Supreme Court recognizes a new rule to file a motion to vacate his sentence under 28 U.S.C. § 2255(f)(3). *Dodd v. United States*, 545 U.S. 353, 357 (2005). In *Johnson*, the Court held that the residual clause of the Armed Career

Criminal Act (ACCA) is unconstitutionally vague.  That decision, however, does not extend the statute of limitations for the petitioner because he was not convicted under the ACCA or a statute that mirrors the ACCA's residual clause.

Moreover, the petitioner is not entitled to equitable tolling.  A court must consider five factors in determining whether equitable tolling is appropriate in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001).  The petitioner has presented no evidence of a lack of constructive knowledge of the filing requirement and has not shown that he was reasonable in remaining ignorant of the legal requirement for filing his claim.  The statute of limitations therefore forecloses review of the petitioner's claims.

III.

The Court finds that the motion was filed after the period of limitation, and the petitioner is not entitled to equitable tolling.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt #21] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  August 10, 2015

-4-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2015.

s/Susan Pinkowski

SUSAN PINKOWSKI