UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                      Case Number 13-20885

v.                                                 Honorable David M. Lawson

TONY DEANGELA TURNER,

      Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

This matter is before the Court on the defendant's motion to modify his original sentence under the authority of 18 U.S.C. § 3582(c)(2). On May 27, 2016, the defendant, Tony D. Turner, filed a motion for a sentence reduction, arguing that he is entitled to the benefit of Amendment 599 to the United States Sentencing Guidelines, which modified Application Note 2 to United States Sentencing Guideline § 2K2.4. Amendment 599 became effective November 1, 2000.

On November 27, 2013, the defendant was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). With a Rule 11 plea agreement, the defendant pleaded guilty to the charge in the indictment. He was sentenced on May 27, 2014 to a prison term of 105 months. The defendant did not appeal his conviction or sentence. On July 30, 2015, the defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. The petition was denied on August 10, 2015 as untimely.

As an initial matter, the Court cannot consider these arguments on a motion under 18 U.S.C. § 3582. Instead, the proper vehicle for raising such claims would be through a motion brought under 28 U.S.C. § 2255. The defendant's motion cannot be construed as being brought under that section,

however, because it would be time-barred as filed outside the one-year statute of limitations applicable to such motions. 28 U.S.C. § 2255(f). Moreover, because the defendant has already filed a motion under section 2255, this Court would have to transfer it to the Sixth Circuit as a second or successive habeas petition. 28 U.S.C. § 2255(h).

Nonetheless, the defendant's motion lacks merit. Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). The defendant argues that he is entitled to a sentence reduction because his sentence was enhanced by four levels erroneously under United States Sentencing Guideline § 2K2.1(b)(1)(B), which he argues was modified by Amendment 599.

The fundamental flaw in the defendant's argument, however, is that Amendment 599 was effective on November 1, 2000, more than a decade before the defendant was sentenced in this case. Guidelines Manual, Appendix C–Vol. II, p. 67. The section the defendant relies on in support of his argument was in effect at the time of his sentencing and therefore the requirements of § 3582(c)(2) cannot be met because there was no *subsequent* change in the applicable guidelines that would have lowered the guideline range after his sentencing. Without a modification of the guidelines subsequent to the imposition of the defendant's sentence, the Court has no authority to modify his sentence under § 3582(c)(2). Accordingly, the defendant is not entitled to have his

sentence recalculated based on Amendment 599. The Court therefore will deny the defendant's motion.

Accordingly, it is **ORDERED** that the defendant's motion to reduce sentence [dkt. #28] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 6, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 6, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI